# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GERALD JEROME POLK, JR., | Case No.: 2:20-cv-01636-APG-NJK |
| Petitioner | **Order** |
| v. | |
| STATE OF NEVADA, et al., | |
| Respondents | |

Petitioner Gerald Jerome Polk, Jr. has submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1-1. However, Polk has failed to submit an application to proceed *in forma pauperis* or pay the filing fee. Accordingly, this matter has not been properly commenced. *See* 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2.

Thus, the present action will be dismissed without prejudice. Polk may file a new petition in a new action, but he must include either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate.

The present petition appears to be unexhausted. Polk is warned that a federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of the claims before she or he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim

through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

Polk states that he filed a state postconviction habeas corpus petition in January 2020. The state-court docket appears to reflect that Polk's state postconviction petition is pending in state court. Thus, he has not yet exhausted his state-court remedies. Further, the decision on his state petition could render this action moot.

This federal petition is dismissed without prejudice as improperly commenced. It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a new action filed in a timely manner. Polk remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

I THEREFORE ORDER the Clerk to detach and file the petition (ECF No. 1-1).

I FURTHER ORDER that the petition is **DISMISSED** without prejudice.

I FURTHER ORDER that a certificate of appealability is DENIED.

I FURTHER ORDER the Clerk to SEND Polk two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

I FURTHER ORDER the Clerk to enter judgment accordingly and close this case.

Dated: October 27, 2020.

_____
U.S. District Judge Andrew P. Gordon